**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| **FRANK WEST,** )<br>)<br>)<br>**PLAINTIFF** )<br>)<br>v. )<br>)<br>**AT&T MOBILITY, LLC,** )<br>)<br>**DEFENDANT** ) | **CIVIL NO. 2:13-CV-92-DBH** |

**DECISION AND ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

This is an employment discrimination case, where the plaintiff claims that the defendant, his previous employer, refused to rehire him because of age and disability discrimination. The defendant has moved for summary judgment. At the Pre-Filing Conference, the plaintiff agreed not to pursue instances when he applied for a Sales Consultant position (as opposed to Retail Sales Consultant position) and instances when he submitted his application after the application window had closed. The plaintiff now concedes that 11 of his remaining 27 unsuccessful "requisitions" for a Retail Sales Consultant position are outside the statute of limitations because they occurred before September 17, 2011, Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 4, 12 (ECF No. 65),[1] but argues that

---
[1] There seems to be confusion over whether it is 11, 12, or 13 instances that lie outside the statute of limitations, but I need not decide that issue now. Both parties cite this District's decision in Caldwell v. Federal Express Corp., 908 F. Supp. 29 (D. Me. 1995), on the issue whether the plaintiff's amendment to his administrative complaint, adding age to disability as a ground of discrimination, relates back to the date of his initial filing. But they neglect to inform

although that circumstance prevents him from recovering for those 11, he can still use them to demonstrate discriminatory motive.[2] The plaintiff is correct in principle. United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977); DeNovellis v. Shalala, 124 F.3d 298, 309 n. 5 (1st Cir. 1997); Sabree v. United Bhd. of Carpenters and Joiners, 921 F.2d 396, 400 n. 9 (1st Cir. 1990). I will have to determine at trial whether some or all of them are excludable under Fed. R. Evid. 403 (cumulative; confusion of jury; etc.).

The defendant is undoubtedly correct that the plaintiff has not adequately responded to some items of its Statement of Material Facts, because the plaintiff purports to deny some of them without citing any record evidence to support the denial. That is simply insufficient to put a fact in dispute. D. Me. Local Rule 56(c). Moreover, some of the assertions in the plaintiff's affidavit are based on hearsay or lack of foundation, and I do not consider those. (Among other sources of hearsay and/or lack of foundation are statements by his union agent and by co-workers who cannot speak for the defendant.) But I reject the argument that the plaintiff's affidavit should not be considered at all.[3] Affidavits that dispute

---

the court of a key factor in Caldwell, 908 F. Supp. at 35-6, namely whether the Commission investigated both allegations (or perhaps there was no investigation at all, only issuance of a right-to-sue letter). If this remains an issue, the parties should be prepared to address the missing element at trial.

[2] He does not argue "continuing violation." Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 13, n.9.

[3] Some of the assertions are not hearsay and do not lack foundation. The plaintiff swears that he "had personal conversations with [Sherry Murray] about [his] health issues in 2008-2009." West Aff. ¶ 9 (ECF No. 66). Based upon his testimony as to what he told her, the jury could draw inferences about Murray's resulting knowledge. He also swears that "[d]uring the telephone interview I told Ms. Harris I left AT&T because of health concerns and that I had suffered a heart attack." Id. Based upon this testimony, the jury could draw inferences about Harris's knowledge. He swears that Melody Pierce "served as a 'floating manager' for several stores in New England, including Saco, where I worked." Id. If that involved physical presence in the store where the plaintiff worked, the jury could draw the inference that Pierce knew the plaintiff's approximate age "and at least that I was much older than most of my co-workers (most of whom were in their 20s)." Id. He swears that Philip Oliveira "was my district manager in 2010. I met

2

previous deposition testimony may be disregarded, Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc., 447 F.3d 105, 110 (1st Cir. 2006) (citing Colantuoni v. Alfred Calcagni & Sons, 44 F.3d 1, 4–5 (1st Cir.1994) ("When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed."), but can be considered where they clarify ambiguous testimony or amplify without contradicting. Chiang v. MBNA, 620 F.3d 30, 31 n.3 (1st Cir. 2010) (quoting Gillen v. Fallon Ambulance Service, Inc., 283 F.3d 11, 26 (1st Cir. 2002) (overturning district court's disregard of an affidavit because "[a] subsequent affidavit that merely explains, or amplifies upon, opaque testimony given in a previous deposition is entitled to consideration in opposition to a motion for summary judgment")). That is the case for much of the affidavit here. See also Packgen v. BP Exploration, Inc., 2014 WL 2599651, *8 (1st Cir. 2014) (explaining that "a party's failure to comply with the formal requirements of Rule 56 does not trigger a mechanical response from the district court . . . [and that] the district court acts within its discretion to respond in a manner appropriate to the circumstances of the case").

In seeking summary judgment, the defendant relies heavily on its automated and decentralized hiring process and its assertions that the actual decision-makers were unaware of the plaintiff's age or physical disability. But I

---

him several times when he came to the Saco store." The jury could draw the inference that Oliveira knew the plaintiff's approximate age. See also Dep. of Frank West at 84 (ECF No. 40-3) (concerning what he told Oliveira about his condition before he left AT&T.). (As to Oliveira, however, the defendant maintains that Oliveira did not pass on this information to anyone involved in the hiring process for the plaintiff's numerous failed applications.)

find that there is a jury question as to whether age or disability information was already known or gleaned by some managers from the plaintiff during the process for at least some of the positions for which he filed requisitions, and whether managers understood that the defendant's policy of requiring a 6-month time lapse before an employee could be rehired could be waived only where an employee had not taken any retirement benefits (this plaintiff had taken retirement benefits).[4] I also leave for the jury's assessment those instances where the plaintiff was rejected for a position and later the defendant decided not to fill the position at all. Although the hire of someone younger or not disabled is often stated as the fourth prong of a prima facie case, it is not invariably so where the employer had a "continuing need" or continued to seek applicants after rejecting the plaintiff, Rodriguez-Torres v. Caribbean Forms Mfg., 399 F. 3d 52, 59 (1st Cir. 2004); Chappell-Johnson v. Powell, 440 F.3d 484, 488 (D.C. Cir. 2005). The plaintiff's receipt of Social Security Disability Income benefits does not establish ipso facto that he was unable to perform the jobs for which he applied. For summary judgment purposes, the plaintiff has satisfied the standard established in Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1999) (here, sufficient explanation that even though he received SSDI, reasonable accommodation in the Retail Sales Consultant position would permit him to work there). Finally, although the defendant asserts that its computer system shows that the plaintiff withdrew certain requisitions/applications, the plaintiff vehemently denies that he withdrew, see,

---

[4] The defendant has submitted its policy, but neither party has submitted evidence as to what the managers understood or whether the policy was always followed or sometimes violated.

4

e.g., West Dep. at 200, 202-03, and that disagreement is therefore a factual question for the jury.

The defendant's motion for summary judgment is **DENIED**.

**SO ORDERED.**

**DATED THIS 19TH DAY OF JUNE, 2014**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**